## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.H. and G.H.**

**No. 17-1137** (Monongalia County 15-JA-51 and 52)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.H., by counsel Scott A. Shough, appeals the Circuit Court of Monongalia County's December 4, 2017, order terminating her parental rights to C.H. and G.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a less-restrictive dispositional alternative to termination of her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 27, 2015, the DHHR filed a petition alleging abuse and neglect by petitioner toward her two children. Specifically, the petition alleged that petitioner's severe substance abuse rendered her unable to properly parent. On September 22, 2015, petitioner stipulated to the allegations set forth in the petition and was adjudicated as an abusing parent. On November 10, 2015, the circuit court held a dispositional hearing. The hearing was continued and petitioner was granted a six-month post-adjudicatory improvement period.

According to the guardian, petitioner was incarcerated in March of 2016 following a "string of criminal acts." However, prior to her arrest, petitioner was not participating in drug screens, visitation, or any other services offered by the DHHR. The guardian further explained that, upon her release from incarceration, petitioner attended a treatment facility for inpatient substance abuse treatment for sixty-seven days, but was discharged for fighting. Petitioner was incarcerated again following a positive drug screen. After two more failed attempts to enter and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

complete an inpatient treatment program, petitioner overdosed on heroin and was arrested for violating the terms and conditions of her probation. However, on May 2, 2016, the circuit court granted petitioner's motion for a post-dispositional improvement period. In June of 2017, petitioner was arrested following an incident wherein she overdosed at her mother's residence and hid from the police in a closet with the children. The children were removed from their maternal grandmother's home and placed with their maternal grandfather.

After multiple extensions to her post-dispositional improvement period and nearly two years of substance abuse treatment attempts by petitioner, on August 1, 2017, the circuit court held a dispositional hearing. The DHHR presented testimony that petitioner had a history of substance abuse and that she was asked to leave a rehabilitation facility for fighting. The DHHR also presented testimony that petitioner's mother allowed her to have unsupervised contact with the children. Further, the DHHR presented testimony regarding the incident wherein petitioner was found by police at her mother's home, with the children, with drug paraphernalia on her person, and was subsequently arrested. The DHHR recommended termination of petitioner's parental rights. Based on the evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests.

On November 9, 2017, the circuit court held a hearing on the father's motion for reconsideration of the dispositional order. The circuit court again heard testimony and proffer from all counsel regarding the appropriate disposition in the matter. Although an employee of a rehabilitation program testified that petitioner completed a twenty-eight day inpatient substance abuse treatment and began a step-down program, the DHHR presented evidence demonstrating that petitioner failed to maintain sobriety for any significant amount of time since the initiation of the proceedings. The DHHR and guardian recommended termination of petitioner's parental rights in order for the children to achieve permanency. The circuit court affirmed the findings in the dispositional order after being thoroughly advised of the repercussions each dispositional alternative would have on the permanency of the children. The circuit court noted that petitioner should be allowed visitation with the children, pending her sobriety. The circuit court ultimately terminated petitioner's parental rights in its December 4, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2]The father's parental rights were terminated below. According to the guardian and the DHHR, the permanency plan for the children is adoption by the maternal grandfather.

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights instead of employing a less-restrictive dispositional alternative. Petitioner specifically argues that she has made "significant progress" towards achieving sobriety and that she "should have been given a reasonable amount of time to see if she could complete treatment and maintain her sobriety." We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Further, West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing parent . . . [has] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment."

Here, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future due to her continued substance abuse. While petitioner argues on appeal that she should have been given more time to complete treatment and maintain sobriety, in nearly two years since the initiation of the proceedings, petitioner failed to demonstrate her ability to remain sober or complete treatment. During the proceedings, petitioner failed to participate in services, was repeatedly incarcerated due to her drug use, overdosed on drugs, was expelled from a treatment facility for fighting, and had unsupervised contact with the children.

Moreover, the circuit court noted at the dispositional hearing that the children were young and that it was in their best interests for permanency to be established, as the proceedings had been ongoing for nearly two years. We have held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4.

Finally, it was not error for the circuit court to employ a less-restrictive dispositional alternative because

3

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As set forth above, there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 4, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4